IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATE OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 11-CR-0054-W-HFS |
| RYAN CHRISTOPHER LUMPKINS | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's motion for suppression of evidence (Doc. 22) is before the court. I have examined the briefing, the transcript of the hearing on the motion, the videotape cited by defendant, the report and recommendation (Doc. 36) and defendant's objections (Doc. 39). I agree with the recommendation that I deny the motion to suppress, and further agree with the fact-finding and conclusions of the Magistrate Judge, which are hereby ADOPTED. The two issues I consider most persuasive are (1) defendant's lack of standing, based on his unauthorized use of the rented vehicle, and the lessor's repossession before a search was conducted, and (2) the justification for an unwarranted search, when the contraband was observed in plain view, and the vehicle with tinted windows was viewed in a lawful manner while parked.

Defendant's contention that a nonpayment repossession requires notice, which had been prepared but not delivered, is not controlling. No notice is required for a repossession when there is use not authorized by the lessor. Although the record is not explicit it seems clear that the lessor's agent had become aware of the unauthorized use violation by the time the keys were used to open the vehicle. The repossession was not invalid, in my judgment, simply because the rationale may

not have been consciously developed by the lessor's agent. In the alternative, I believe it likely that the Circuit will follow the rule adopted in other Circuits that unauthorized use, contrary to the leasing agreement, results in loss of standing to object to a search, at least when repossession precedes the search.[1]

Defendant's contention that the officer was unsure of what he was viewing is not supported by the record. To the extent there was lack of 100% certainty I do not believe that is a requirement for "plain view" practices. The detention of defendant was not tainted in a manner to invalidate the search. The detention for inquiry was justified. Even if hand-cuffing were to be treated as excessive, the search that defendant objects to was in no way the product of unlawful conduct by the police.

For the reasons stated here and in the underlying record the motion to suppress (Doc. 22) is hereby DENIED.

    /s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

August    2    , 2011

Kansas City, Missouri

---

[1] The considerable weight of authority among the Circuits favors the Government when a search is challenged by a driver of a car who is not authorized by the lessor, even though the driver does have permission from the lessee. United States v. Kennedy, 638 F.3d 159 (3rd Cir. 2011). An Eighth Circuit ruling is to the contrary. United States v. Best, 135 F.3d 1223 (1998). It followed, without special explanation, an earlier per curiam decision by the Circuit, where there was a comment assuming standing if permission was granted by the lessee. I am bound by Best, even though I think it likely that the Court en Banc or the Supreme Court would adopt the majority rule. In this case, however, repossession occurred before the search. A change in circumstances may destroy an expectation of privacy even though unanticipated – as with an inventory search.